IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD JAMES YORK, JR., #0012421, | )<br>)<br>) |
| Plaintiff, | )<br>) NO. 3:23-CV-00230<br>) |
| v. | )<br>) JUDGE CAMPBELL |
| OFFICER CASEY FIDDLER, *et al.*, | ) MAGISTRATE JUDGE HOLMES<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION

Ronald James York, Jr., an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Officer Casey Fiddler and the Murfreesboro City Police Department, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

### I. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

On May 17, 2021, Defendants "#1 and #2" made a "forced entry" into Plaintiff's home at 410 4th Avenue, Murfreesboro, Tennessee. (Doc. No. 1 at 4). Officer Fiddler tased Plaintiff several times. Defendants searched Plaintiff's home, even though Defendants lacked probable cause to

2

Case 3:23-cv-00230   Document 4   Filed 04/28/23   Page 2 of 11 PageID #: 23

enter and search Plaintiff's home. Officers Fiddler and Burgess restrained and cuffed Plaintiff, removed him from his home, drugged him, imprisoned him, and charged him with crimes.

During this incident, Plaintiff suffered injuries to his back, right hip, and left shoulder. He also now suffers from post-traumatic stress disorder, fear of the police, and "high anxiety." (*Id*. at 6). As relief, Plaintiff seeks monetary damages in the amount of $500,000 and medical treatment for his injuries.

**D. Analysis**

Plaintiff names the Murfreesboro City Police Department and Officer Casey Fiddler as Defendants to this action. (Doc. No. 1 at 3). Plaintiff brings claims against Officer Fiddler in his official and individual capacities. (*Id*.) Plaintiff alleges that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments.

1. <u>Claims against the Murfreesboro City Police Department</u>

First, with respect to Plaintiff's claims against the Murfreesboro City Police Department, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Murfreesboro City Police Department. These claims will be dismissed.

### 2. Claims against Officer Fiddler in his official capacity

The Court now moves to Plaintiff's claims against Officer Casey Fiddler in his official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Defendant Fiddler is an employee of the city of Murfreesboro, Tennessee. (Doc. No. 1 at 2). Thus, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the city of Murfreesboro or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for the city of Murfreesboro to be liable Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the city of Murfreesboro under Section 1983. The complaint does not identify or describe any of the city's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those

4

shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the city on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Consequently, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the city of Murfreesboro. Plaintiff's Section 1983 claims against Officer Fiddler in his official capacity (which are claims against the city of Murfreesboro) therefore must be dismissed.

3. Claims against Officer Fiddler in his individual capacity

Next, the Court considers Plaintiff's Section 1983 claims against Officer Fiddler in his individual capacity. Plaintiff alleges that Officer Fiddler violated Plaintiff's Fourth Amendment rights when he (Officer Fiddler) unreasonably entered and searched Plaintiff's home; Officer Fiddler used excessive force when he tased Plaintiff during his arrest; and Officer Fiddler violated Plaintiff's due process rights when he arrested Plaintiff without probable cause. According to the complaint, these events all occurred in Tennessee on May 17, 2021.

Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit Court of Appeals has specifically noted that the applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a). *Howell v. Farris*, 655 F. App'x 349, 351 (6th

Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims is one year.

Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725–26 (6th Cir.1980). In Section 1983 cases, a cause of action accrues, and the statute of limitations commences to run, when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's Section 1983 claims accrued and the one-year statute of limitations commenced to run, the Court looks to the date when Plaintiff became aware of the claims he now raises. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "[T]he [Section] 1983 statute of limitations period begins on the date of the constitutional violation." *Commodore v. Williams*, No. 12-2957-JDT-TMP, 2014 WL 28833, at *3 (W.D. Tenn. Jan. 2, 2014) (citing *Jacox v. City of Memphis*, 12-2337-JDT/DKV, 2013 WL 5937965, at *3 (W.D. Tenn. 2013) (dismissing § 1983 complaint as time-barred where defendant's alleged violation occurred on April 26, 2011, and the plaintiff filed the complaint on April 27, 2012)).

### a. Fourth Amendment unlawful search and seizure claim

Plaintiff first alleges that Officer Fiddler entered Plaintiff's home without probable cause and violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. *See, e.g., Stahl v. Coshocton Cnty.*, 754 F. App'x 335, 340 (6th Cir. 2018) (stating that unreasonable seizure, unlawful arrest, and warrantless entry are civil rights violations squarely protected by the Fourth Amendment). The Fourth Amendment "mandates that warrants be based on the government's showing of 'probable cause' and include language 'particularly describ[ing] the place to be searched, and the persons to be seized.'" *United States v. Bateman*, 945 F.3d 997, 1005 (6th Cir. 2019) (quoting U.S. Const. amend. IV). The existence of probable cause for a search warrant turns not on "rigid tests" but on "a 'totality of the circumstances' approach." *United States v. Allen*, 211 F.3d 970, 972 (6th Cir. 2000) (en banc) (quoting *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983)).

In cases of alleged Fourth Amendment violations brought under Section 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *Wallace*, 549 U.S. at 388. Thus, the statute of limitations challenging an unlawful search and seizure accrues at the time of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n. 1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."). Here, Plaintiff's Section 1983 claim is based on Officer Fiddler's search and seizure that occurred on May 17, 2021. The cause of action based on these allegations accrued one year after the date Plaintiff knew or should have known of the injuries resulting from the illegal search and seizure. The statute of limitations for any claims based on that conduct expired one year later.

Because Plaintiff filed his complaint on March 11, 2023,[1] his claims based on Officer Fiddler's alleged illegal search and seizure are time-barred. These claims will be dismissed.

### b. Eighth Amendment excessive force claim

Next, Plaintiff alleges that Officer Fiddler used excessive force when he tased Plaintiff during his arrest. Plaintiff contends that Officer Fiddler's actions violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Because the alleged excessive use of force occurred on May 17, 2021, and the record before the Court does not indicate the concerns of the *Heck* favorable termination rule[2] are implicated in this case, the Court concludes that Plaintiff's excessive use of force claim accrued at the time of his arrest, *i.e.*, May 17, 2021. *See generally Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (excessive use of force during arrest accrues at time of arrest); *Hodge v. City of Elyria*, 126 F. App'x 222, 225 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an excessive use of force during arrest claim begins to run on the date of the alleged use of excessive force).

The excessive force about which Plaintiff complains occurred over one year from the date Plaintiff filed his complaint—March 11, 2023. (*See* Doc. No. 1 at 12). Thus, Plaintiff's excessive force claim against Officer Fiddler in his individual capacity is barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee. *See Berry v. Giles*, No.3:15-cv-01024,

---

[1] The prison mailbox rule provides that a pleading of an incarcerated pro se inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations here, because the Court is unable to determine when Plaintiff delivered the complaint to prison authorities for mailing, the Court will generously use the date on which Plaintiff signed his complaint, *i.e.*, March 11, 2023. (Doc. No. 1 at 12). Therefore, Plaintiff's civil complaint is deemed to have been filed on March 11, 2023, which is approximately nine months after the one-year statute of limitations expired.

[2] The *Heck* favorable termination rule provides that the statute of limitations does not begin to run on a criminal defendant's Section 1983 claim until the criminal charges have been dismissed if the Section 1983 claim could bring the claimant's criminal conviction into question. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see Mitchell v. Ladd*, No. 1:13-cv-246, 2014 WL 37647, at *3 (E.D. Tenn. Jan. 6, 2014) (concluding that plaintiff's excessive force claim accrued at the time of his arrest after finding that the record did not indicate that the concerns of the *Heck* favorable termination rule were implicated by the facts of the case).

2015 WL 5944410, at *4 (M.D. Tenn. Oct. 13, 2015) (finding that Section 1983's one-year statute of limitations barred plaintiff's claims arising from an allegedly unconstitutional search, seizure, and false arrest that took over one year prior the plaintiff filing the complaint). The claim will be dismissed.

### c. Fourth Amendment false arrest claim

Moving to Plaintiff's false arrest claim, the Fourth Amendment to the United States Constitution requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. Typically, "[a] false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted*, 496 F.3d 609, 614-15 (6th Cir. 2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

Here, the complaint alleges that Officer Fiddler arrested Plaintiff "when no evidence of a crime had been committed, nor was there any probable cause." (Doc. No. 1 at 4). For purposes of the initial screening required by the PLRA, the Court finds that the complaint states a non-frivolous Fourth Amendment false arrest claim under Section 1983 against Officer Fiddler in his individual

9

capacity. However, Plaintiff will bear the burden of supporting his allegations with evidence as this case progresses.[3]

In addition, it is unclear from the existing record whether Plaintiff's federal false claim was timely filed. "The one-year statute of limitations covers an action for false arrest and/or detention, and the statute begins to run at the time the plaintiff becomes held pursuant to legal process." *CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010) (citing *Wallace v. Keto*, 549 U.S. 384 (2007)). "Held pursuant to legal process" means when the plaintiff "is bound over by a magistrate or arraigned on charges." *Kellogg v. Chattanooga Police Dep't*, No. 1:18-CV-153, 2019 WL 4577107, at *2 (E.D. Tenn. Sept. 20, 2019) (citing *Wallace*, 549 U.S. at 389).

Here, while the complaint alleges that Plaintiff was arrested on May 17, 2021, and currently is a pre-trial detainee in the custody of the Rutherford County Adult Detention Center, the complaint does not provide that date on which Plaintiff became held pursuant to legal process. For example, the complaint does not provide the date an indictment was issued against Plaintiff, if in fact an indictment has been issued. Thus, the Court lacks the necessary information to determine at this time whether Plaintiff's federal false arrest claim was timely filed. This issue, along with other aspects of the Plaintiff's federal false arrest claim, will be resolved when Plaintiff's claim is more fully developed.

---

[3] Furthermore, the current record does not reveal whether Plaintiff has entered a plea of guilty to the crime(s) for which he was arrested. Notably, it is clear under Sixth Circuit precedent that plaintiffs who plead guilty and receive judicial diversion are precluded from pursuing a Fourth Amendment claim for unlawful arrest. *See Wilson v. Johnson*, No. 3:04-CV-59, 2005 WL 2417057, *9 (E.D. Tenn. Sept. 30, 2005); *Walker v. Schaeffer,* 854 F.2d 138, 142-43 (6th Cir. 1988) (holding *nolo contendere* pleas made by plaintiffs in state court criminal proceedings preclude them from asserting in federal court that the officers lacked probable cause to arrest them); *Cunningham v. Sisk*, No. 1:01-CV-182, 2003 WL 23471541, *8 (E.D. Tenn. Dec.4, 2003), *aff'd*, 2005 WL 1285649 (6th Cir. May 18, 2005) (holding that plaintiff's Fourth Amendment claim for false arrest brought pursuant to Section 1983 was precluded by the state court criminal proceedings in which plaintiff plead guilty based upon the doctrine of defensive collateral estoppel).

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that Plaintiff's federal claim against Officer Fiddler in his individual capacity based on his alleged illegal search and seizure is barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee. Likewise, Plaintiff's excessive force claim against Officer Fiddler in his individual capacity is time-barred. These claims will be dismissed.

Plaintiff's Section 1983 claims against the Murfreesboro City Police Department and against Defendant Fiddler in his official capacity are **DISMISSED**.

However, the Court finds that the complaint states a non-frivolous Fourth Amendment false arrest claim under Section 1983 against Officer Fiddler in his individual capacity. This claim will proceed for further development.

An appropriate Order will be entered.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE