IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RONALD JAMES YORK, JR. | ) |
| | ) |
| v. | ) NO. 3:23-cv-00230 |
| | ) |
| OFFICER CASEY FIDDLER | ) |

**TO:** Honorable William J. Campbell, Jr., United States District Judge

R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 28, 2023 (Docket Entry No. 5), this *pro se* civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 20) filed by Defendant Casey Fiddler. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted and that this action be dismissed.

I. BACKGROUND[1]

Ronald James York, Jr. ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit against the City of Murfreesboro Police Department and police officer Casey Fiddler ("Fiddler") on March 15, 2023. *See* Complaint (Docket Entry No. 1). He brings claims that his federal civil rights were violated and seeks monetary relief under 42 U.S.C. § 1983.

Plaintiff alleges that Fiddler and another police officer forced their way into his Murfreesboro home on May 17, 2021, searched his home, and then handcuffed and arrested him.

---

[1] The background facts are summarized from the allegations contained in Plaintiff's pleadings.

He further alleges that Fiddler "tased" him several times. Plaintiff contends that probable cause did not exist to enter and search his home, that he was wrongfully arrested, and that he was subjected to the use of excessive force against him by the officers. He alleges that he suffered injuries to his back, right hip, and left shoulder and that he now suffers from post-traumatic stress disorder.[2]

Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed as time barred all claims brought by Plaintiff except for a single Fourth Amendment false arrest claim against Fiddler in his individual capacity. *See* Memorandum Opinion (Docket Entry 4) at 3-11. In lieu of an answer, Defendant Fiddler has filed the pending motion to dismiss.

## II. MOTION TO DISMISS

Defendant Fiddler seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Fourth Amendment false arrest claim is likewise barred by the applicable one-year statute of limitations because Plaintiff's lawsuit was filed more than one year after the claim accrued. *See* Memorandum in Support (Docket Entry No. 21) at 4-6. Fiddler asserts that the record in this case indicates that: (1) arrest warrants for Plaintiff were signed by a judicial commissioner on the same day as the May 17, 2021 incident; (2) an indictment was issued against Plaintiff for two criminal charges on February 8, 2022; and, (3) Plaintiff was arraigned on these charges on February 28, 2022. *Id*. at 3. Fiddler argues that Plaintiff's false arrest claim accrued at the time that he was held pursuant to the legal process after his arrest and

---

[2] Although Plaintiff filed his lawsuit while confined as an inmate at the Rutherford County Adult Detention Center, he subsequently filed several change of address notices indicating that he was no longer held in custody. *See* Docket Entry Nos. 10, 13, 17, 19, and 23.

that, regardless of which event is viewed as the event when Plaintiff was held pursuant to the legal process, each of the events occurred more than one year prior to the lawsuit being filed on March 15, 2023, rendering Plaintiff's false arrest claim untimely. *Id*. at 6. Alternatively, Fiddler argues that probable cause existed for the arrest. *Id*. at 7-8.

By Order entered August 22, 2023, Plaintiff was notified of the motion to dismiss, advised that his failure to respond may result in the motion being granted, and given a deadline of September 22, 2023, to file a response. *See* Docket Entry No. 22. Upon Plaintiff's request for additional time to file a response, the Court extended his response deadline to October 13, 2023, by order entered on September 8. *See* Order entered September 8, 2023 (Docket Entry No. 27). Plaintiff has not responded to the motion or otherwise made any filing subsequent to the Court's September 8, 2023 Order.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility

that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

Defendant's motion to dismiss should be granted. Although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, he has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a timely response permits the Court to deem the motion unopposed. Likewise, his failure to take action to defend against the request for dismissal of this case indicates that he does not oppose the dismissal of his claim and/or that he has abandoned his claim. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) (if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion).

Furthermore, Defendant Fiddler has raised a valid statute of limitations defense.[3] It is beyond dispute that the statute of limitations for Section 1983 claims that arise in Tennessee is

---

[3] Because the Court finds that the statute of limitations defense is a sufficient basis to dismiss this lawsuit, the Court declines to address Fiddler's alternative argument that probable cause supported the arrest.

4

the one-year limitations period set out in Tenn. Code Ann. ' 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Although the duration of the applicable statute of limitations is governed by state law, the question of when the limitations period begins to run is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dept of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Generally, a limitations period begins to run when a plaintiff knows or should have known of the injury that forms the basis of the claim. *Eidson*, 510 F.3d at 635; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Alternatively, the Sixth Circuit has suggested that the limitations period for a Section 1983 claim beings to run when the plaintiff has a complete and present cause of action that can be raised in court. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021). As noted by the Court upon initial review of Plaintiff's complaint, a false arrest claim accrues at the time the plaintiff is held pursuant to legal process. *See* Memorandum Opinion at 10. *See also Wallace*, 549 U.S at 389; *Dibrell*, 984 F.3d at 1162. Generally, an arrestee is "held pursuant to legal process" when the arrestee is bound over by a magistrate or arraigned on charges. *Wallace*, *supra*; *Dibrell*, *supra.*

In the absence of a response from Plaintiff that rebuts the statute of limitations defense and that shows why his claim against Fiddler should not be dismissed, it is not the duty of the Court to Aabandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (This Court is not required to develop legal theories and arguments in Plaintiff's stead in

order to defeat the motion to dismiss); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). In the absence of any type of response from Plaintiff, it is not the Court's duty to make arguments on his behalf for why the claim against Fiddler should not be dismissed.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 20) filed by Defendant Casey Fiddler be GRANTED and that this case be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 7.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge